## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

|  |  |  |
|---|---|---|
| EDWARD A. JORDAN, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Civil Action No. 5:04-00606** |
| | ) | |
| KYLE G. LUSK, | ) | |
| | ) | |
| **Defendant.** | ) | |

### PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Plaintiff's Motion for Default Judgment. (Doc. No. 17.)  By Standing Order filed on June 17, 2004, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Doc. No. 3.)  Having reviewed and considered the documents of record, the  undersigned recommends that the District Court **DENY** Plaintiff's Motion for Default Judgment.   The undersigned further recommends that the District Court **DISMISS** Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which can be granted and **DENY** Plaintiff's Motion to Amend his Complaint.

### FACTUAL AND PROCEDURAL BACKGROUND

On June 17, 2004, Plaintiff, acting *pro se* and presently incarcerated at Mount Olive Correctional Complex, Mt. Olive, West Virginia, filed a Complaint and an Authorization to Release Institutional Account Information and to Pay Filing Fee.  (Doc. Nos. 1 and 2.)  In his Complaint, Plaintiff claims entitlement to damages pursuant to 42 U.S.C. § 1983.  Plaintiff alleges that Kyle Lusk  ["Defendant"], who served as Plaintiff's court-appointed attorney with respect to Plaintiff's

conviction for felony drug trafficking, violated his Sixth Amendment right to counsel by failing to adequately represent him on numerous grounds.[1]  Plaintiff further indicates his intention  to name the City of Beckley and the County of Raleigh as Defendants to the instant civil action.

On June 21, 2004, Plaintiff paid the $150.00 filing and a Summons was subsequently issued to Defendant. (Doc. Nos. 4 and 5.)  The Return of Service Form evidences that Defendant was served on June 22, 2004.  (Doc. No. 8.)  On July 12, 2004, Defendant filed his Answer to Plaintiff's Complaint.  (Doc. No. 10.)  On September 29, 2004, the Court entered a Time Frame Order setting forth deadlines for filing amendments, discovery, and dispositive motions.[2]  (Doc. No. 12.)  On October 8, 2004, Plaintiff filed a response to the Court's Time Frame Order, in which Plaintiff advised that he wished to sue Defendant in his individual and official capacity.  (Doc. No. 13 at 1.)  Plaintiff also advised that he wished to name as Defendants the City of Beckley and the County of Raleigh.  Plaintiff further stated that Mr. Lusk refused to submit his criminal transcripts or appeal his conviction.  (Id.)  By Order dated November 5, 2004, the Court construed Plaintiff's response to the Court's Time Frame Order as Plaintiff's Motion to Amend his Complaint and noted that Plaintiff failed to state an adequate claim against either of the proposed Defendants, the City of Beckley or the County of Raleigh. (Doc. No. 14.)  Accordingly, the Court ordered that Plaintiff file a statement of his proposed claims against the City of Beckley and the County of Raleigh, together with an Amended Complaint, by November 26, 2004.  (Doc. No. 14.)

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

[2] Although Defendant raises several affirmative defenses in his Answer, including failure to state a claim upon which relief can be granted, Defendant did not file a Motion to Dismiss or Motion for Summary Judgment within the time period prescribed by the Time Frame Order.

On November 24, 2004, Plaintiff filed his response to Court's Order dated November 5, 2004, in which he sets forth his claims against the City of Beckley and the County of Raleigh. (Doc. No. 15.) Plaintiff alleges that the City of Beckley was negligent in failing to properly train its police officers which ultimately led to his wrongful arrest. Plaintiff specifically alleges that a certain police officer made a statement to the media that he should receive a life sentence because he was a "habitual criminal" based on the fact that he was arrested for kidnapping and robbery. Plaintiff alleges that the kidnapping and robbery charges were later dismissed and that the police officer failed to inform the media of the dismissal of the charges or offer an apology. Plaintiff further alleges that another police officer obtained a warrant based on information provided by a confidential informant who was not properly searched before or after the drug transaction, that a proper statement was not obtained from the confidential informant, and that the confidential informant was an extreme crack addict, as well as had a criminal history and was known to have sexual relations with members of the Beckley Police Department. Plaintiff argues that because of the improper actions of the police officers of the City of Beckley, Defendant was appointed to represent him with respect to the charges filed by police officers of the City of Beckley. Plaintiff therefore claims that Defendant and the police officers and others conspired to deprive him of his civil and constitutional rights. With respect to the County of Raleigh, Plaintiff alleges that the County of Raleigh's policies and procedures disregarded his right to equal protection and due process through its magistrate courts. (Id. at 3.) Plaintiff specifically alleges that he was not afforded a timely preliminary hearing with respect to certain criminal charges and that Magistrate Tanner refused to dismiss the charges or release him from custody, thereby violating his rights to due process and equal protection of the law. Plaintiff alleges that Magistrate Tanner then sent the

3

case to Circuit Court and that the Circuit Court unlawfully remanded the case back to Magistrate Court.  Plaintiff further states that Magistrate Tanner refused to provide him with an attorney at his preliminary hearing even though he requested that he be appointed an attorney.  Plaintiff states that he repeatedly requested that Defendant properly address and make proper motions to deal with these matters adequately, and that Defendant refused to do so.  Plaintiff claims that Defendant's refusal to do so not only rises to the level of ineffective assistance of counsel, but that Defendant also acted deliberately in conspiring with the State and Raleigh County Magistrate in violating his constitutional rights to due process, equal protection, and counsel. Based upon his allegation that Mr. Lusk conspired with the City of Beckley and the County of Raleigh, he requests that the proposed parties be named as Defendants.

On July 21, 2006, Plaintiff filed his Motion for Default Judgment, in which he requests that the Court enter a default judgment against Defendant for failure to timely respond to his Complaint. (Doc. No. 17.)  On August 4, 2006, Defendant filed his Answer to Plaintiff's Motion for Default Judgment, in which he contends that he timely and properly filed an Answer to Plaintiff's Complaint on July 12, 2004.  (Doc. No. 18.)  On August 23, 2006, Plaintiff filed his Answer to Defendant's Response to Motion for Default Judgment.  (Doc. No. 20.)  Plaintiff states he did not receive Defendant's Answer to his Complaint and that Defendant failed or refused to comply with the Court's Time Frame Order in defending his case.  Plaintiff states that he did not receive Defendant's Answer because it was mailed to the Southern Regional Jail in Beaver, West Virginia, after he was transferred to the South Western Regional Jail in Holden, West Virginia, but before he was transferred to Mount Olive Correctional Complex.  Plaintiff further states that the log books for receiving legal mail at both jails and Mount Olive Correctional Complex will show that Plaintiff did

4

not sign for Defendant's Answer, and therefore did not  receive Defendant's Answer to his Complaint.  Plaintiff asserts that Defendant's Answer either should have been forwarded to him or returned to Defendant pursuant to institutional policy and United States Postal Service practice. Plaintiff also appears to argue that Defendant's Answer was returned to him and that Defendant chose to deliberately withhold it from Plaintiff.   Plaintiff states that because he did not receive Defendant's Answer in a timely fashion, he has been prevented from amending his Complaint or challenging the affirmative defenses raised by Defendant in his Answer.  Plaintiff further alleges that Defendant  knew or should have known that Plaintiff had been transferred from the Southern Regional Jail at the time he mailed the Answer.  Plaintiff therefore requests that the Court grant his Motion for Default Judgment, and/or allow him adequate time to properly amend his Complaint as well as an opportunity to object to and properly challenge the Defendant's Answer.

### ANALYSIS

A party's entitlement to default judgment is most commonly considered under Rule 55 of the Federal Rules of Civil Procedure. Rule 55(a) of the Federal Rules of Civil Procedure provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and the fact is made by affidavit or otherwise, the clerk shall enter the party's default." FED. R. CIV. P. 55(a).  Upon motion and notice to the party against whom judgment by default is sought, either the Clerk or the Court, in its discretion, may enter judgment by default.  FED. R. CIV. P. 55(b).  Rule 55(b) provides as follows:

**(b) Judgment.**  Judgment by default may be entered as follows:

**(1) By the Clerk.**  When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if the defendant has been defaulted for

5

failure to appear and is not an infant or incompetent person.

        **(2) By the Court.**  In all other cases the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein.  If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application.  If, in order to enable the court to enter or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.

        The Return of Service Form filed in this action indicates that service of process was effected on Defendant on June 22, 2004, by certified mail.  (Doc. No. 8.)  Pursuant to Rule 12(a)(1)(A) of the Federal Rules of Civil Procedure, Defendant had twenty days from June 22, 2004, specifically July 12, 2004, to file his Answer or other response to Plaintiff's Complaint.  FED. R. CIV. P. 12(a)(1)(A).  The record reflects that Defendant's Answer was filed on July 12, 2004, and the certificate of service indicates that Defendant's Answer was mailed to Plaintiff on that date to Southern Regional Jail, 1200 Airport Road, Beaver, West Virginia 25813, which according to the record was Plaintiff's last known address. Rule 5(b) of the Federal Rules of Civil Procedure provides service may be accomplished by "[m]ailing a copy to the last known address of the person served" and that "[s]ervice by mail is complete on mailing".[3] FED. R. CIV. P. 5(b)(2)(B).  Accordingly, the undersigned finds that Defendant timely filed his Answer to Plaintiff's Complaint and served it upon Plaintiff and therefore Plaintiff's Motion for Default Judgment must be denied.

---

        [3] The Court notes that Plaintiff failed to advise the Clerk of this Court of his change of address and that Plaintiff has indicated in his Motion for Default Judgment that he is currently incarcerated at Mount Olive Correctional Complex in Mt. Olive, West Virginia.

With respect to Plaintiff's request that he be permitted to amend his Complaint to include the City of Beckley and the County of Raleigh as defendants, Rule 15(a) of the Federal Rules of Civil Procedure provides that after a responsive pleading has been served, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."  The Supreme Court articulated the standard to be applied in determining whether to allow an amendment under Rule 15(a), in Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962):

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.  In the absence of any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the party of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. - the leave sought should, as the rules require, be "freely given."

Although the decision to grant a Motion to Amend remains within the sound discretion of the District Court, granting leave to amend is strongly favored by the federal rules.  See Medigen of Kentucky, Inc. v. Public Service Comm'n, 985 F.2d 164, 167-68 (4th Cir. 1993).  Nevertheless, leave to amend may be denied on the ground of futility "when the proposed amendment is clearly insufficient or frivolous on its face." Johnson v. Oroweat Foods Co., 785 F.2d 503, 510 (4th Cir. 1986).

In order to determine the appropriateness of permitting Plaintiff to amend his Complaint to include the City of Beckley and the County of Raleigh as Defendants, the undersigned believes it is appropriate to look at the entirety of the Plaintiff's claims.  Generally, lawsuits filed by prisoners are subject to initial screening pursuant to 28 U.S.C. § 1915A. Section 1915A provides that "[t] he court shall review, before docketing, if feasible or, in any event, as soon as practicable after

docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity

or officer or employee of a governmental entity."  During this initial review, the court must identify

cognizable claims or dismiss the complaint, if the complaint is "frivolous, malicious, or fails to state

a claim upon which relief can be granted," or "seeks monetary relief  from a defendant who is

immune from such relief."  28 U.S.C. § 1915A(b).  Moreover, lawsuits filed by prisoners are also

often screened pursusant to 28 U.S.C. § 1915, the statute governing *in forma pauperis* proceedings,

which provides that a district court shall dismiss a case "at any time if the court determines that –

(B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may

be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28

U.S.C. § 1915(e)(2).  In the instant case, while Plaintiff is currently incarcerated at Mount Olive

Correctional Complex, Plaintiff's claims were not subject to initial screening pursuant to 28 U.S.C.

§ 1915(A), even though he meets the definition of "prisoner" as defined by the statute,[4] because he

did not initially name as a defendant any governmental entity or officer or employee of a

governmental entity.  Likewise, Plaintiff's case was not subject to initial screening pursuant to §

1915 because Plaintiff paid the requisite filing fee and did not request to proceed *in forma pauperis*.

Nevertheless, the undersigned has considered the claims raised in Plaintiff's Complaint and

determined that his claims are without merit and recommends that Plaintiff's Complaint be

dismissed for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of

the Federal Rules of Civil Procedure.  See United Auto Workers v. Gaston Festivals, Inc., 43 F.3d

---

[4] Title 28 U.S.C. § 1915A(c) provides that a "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

902, 905-906 (4th Cir. 1995)(affirming *sua sponte* dismissal of § 1983 complaint for failure to state

a claim pursuant to Rule 12(b)(6)); Bear v. Potter, 89 F.Supp.2d 687, 690 (W.D.N.C. 1999)(*sua*

*sponte* dismissal of § 1983 complaint for failure to state a claim); Grier v. United States, 57 F.3d

1066 (table), 1995 WL 361271, at *1 (4th Cir. 1995)("A district court should not dismiss an action

as frivolous under § 1915(d) if the plaintiff has paid the filing fee. . . .However, the court below

properly found that there was no arguable basis which would entitle Appellant to relief.

[Accordingly], the court would have been warranted in either granting Defendants' motion to

dismiss for failure to state a claim or ordering dismissal sua sponte, both under Rule 12(b)(6).")

In considering whether Plaintiff's allegations fail to state a claim, the court should not

dismiss a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support

of his claim which would entitle him to relief." Conley v. Gibson, 335 U.S. 41, 45-46, 78 S.Ct. 99,

102, 2 L.Ed.2d 80 (1957). Moreover, the court must view the allegations in the light most favorable

to the Plaintiff, and must take them as true. See Jenkins v. McKeithen, 395 U.S. 411, 421-422, 89

S.Ct. 1843, 1849, 23 L.Ed.2d 404 (1969).

In the instant case, Plaintiff seeks to recover damages from his court-appointed counsel

claiming that his counsel rendered ineffective assistance of counsel, thereby violating his Sixth

Amendment right to counsel. Plaintiff's claim of ineffective assistance of counsel against Defendant

is not cognizable under 42 U.S.C. § 1983.<sup>5</sup> A claim under that statute must allege two essential

elements: (1) that a right secured by the Constitution or laws of the United States was violated and

(2) that the violation was committed by a person acting under color of state law. Defendant is not

---

<sup>5</sup> To the extent that Plaintiff is seeking to collaterally challenge his state sentence and conviction pursuant to 28 U.S.C. § 2254, Plaintiff should file a form petition entitled "Petition Under 28 U.S.C. § 2254" and demonstrate that he has exhausted all of his state remedies.

a state actor, and therefore cannot be considered a person acting under color of state law for purposes of 42 U.S.C. § 1983.  See Polk County v. Dodson, 454 U.S. 312 (1981)(public defender does not act under color of state law for purposes of 42 U.S.C. § 1983); Hall v. Quillen, 631 F.2d 1154 (4th Cir. 1980)(court-appointed attorneys do not act under color of state law for purposes of 42 U.S.C. §1983). Accordingly, Plaintiff fails to state a cognizable claim against Defendant.[6]  In so far as Plaintiff's allegations against Defendant can be construed as a claim for legal malpractice, such allegations must be dismissed because Plaintiff cannot meet the requirements of diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332 because both Plaintiff and Defendant are citizens of West Virginia.[7]   Accordingly, Plaintiff's Complaint fails to state a claim against

_____

[6] Although courts have found that an attorney who conspires with state officials to violate a person's constitutional rights has acted under color of state law for purposes of 42 U.S.C. § 1983, see e.g., Tower v. Glover, 467 U.S. 914, 104 S.Ct. 2820, 81 L.Ed.2d 758 (1984); Wilkerson v. Thrift, 124 F.Supp.2d 332 (W.D.N.C. 2000),  Plaintiff's allegations do not warrant such a finding. The undersigned finds that Plaintiff is simply attempting to allege that but for the alleged improper actions of the City of Beckley and the County of Raleigh which led to his arrest and prosecution, Defendant would not have been appointed to represent him.

[7] Title 28, U.S.C. §1332(a) provides:

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between –

(1) citizens of different states;

(2) citizens of a State and citizens or subjects of a foreign state;

(3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and

(4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

For the purposes of this section, section 1335, and section 1441, an alien admitted

Defendant and must be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

With respect to Plaintiff's request to amend his Complaint to name as Defendants the City of Beckley and the County of Raleigh for allegedly having improperly investigated, prosecuted and convicted him, such allegations are barred pursuant to <u>Heck v. Humphrey</u>, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).  In <u>Heck</u>, the United States Supreme Court held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus,  28 U.S.C. §2254. A claim for damages bearing the relationship to a conviction or sentence that has not been so invalidated is not cognizable under §1983.

<u>Id.</u> at 486-87, 114 S.Ct. 2372.  The undersigned therefore finds that because Plaintiff has not demonstrated that his criminal conviction has been invalidated, Plaintiff is unable to state a cognizable claim against either the City of Beckley or the County of Raleigh pursuant to <u>Heck</u>. Accordingly, the undersigned respectfully recommends that Plaintiff's motion to amend his complaint be denied.

## **PROPOSAL AND RECOMMENDATION**

Accordingly, the undersigned hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Plaintiff's Motion for Default Judgment (Doc. No. 17), **DENY** Plaintiff's Motion to Amend his Complaint, **DISMISS** Plaintiff's Complaint and remove this matter from the Court's docket.

---

to the United States for permanent residence shall be deemed a citizen of the State in which such alien is domiciled.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Thomas E. Johnston.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have thirteen days from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection.  Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155, 106 S. Ct. 466, 475, 88 L.Ed.2d 435 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schonce, 727 F.2d 91, 94 (4th Cir. 1984).  Copies of such objections shall be served on opposing parties, Judge Johnston and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to counsel of record and to Plaintiff who is acting *pro se*.

Date:   February 5, 2007.

R. Clarke VanDervort
United States Magistrate Judge

12