### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

EDWARD A. JORDAN,

           Plaintiff,

v.                                CIVIL ACTION NO.  5:04-cv-00606

KYLE G. LUSK,

           Defendant.

### MEMORANDUM OPINION AND ORDER

      On June 17, 2004, Plaintiff Edward A. Jordan, *pro se*, brought this action against Defendant Kyle G. Lusk for damages pursuant to 42 U.S.C. § 1983 on the grounds that Mr. Lusk failed to represent Plaintiff adequately with respect to his felony convictions for drug trafficking in Raleigh County, West Virginia.  Currently, pending before the Court is Plaintiff's Motion for Default Judgment [Docket 17].  By Standing Order entered on May 20, 2002, and filed in this case on June 17, 2004, this matter was referred to United States Magistrate Judge R. Clarke VanDervort for submission of proposed findings and a recommendation ("PF&R").  Magistrate Judge VanDervort filed his PF&R on February 5, 2007.  In that filing, the magistrate judge recommended that this Court deny Plaintiff's Motion for Default Judgment [Docket 17].[1]

---

[1] In his PF&R, Magistrate Judge VanDervort also recommended that the Court dismiss Plaintiff's Complaint [Docket 1], deny Plaintiff's Motion to Amend his Complaint [Docket 13], and remove this matter from the Court's docket.  The Court will address these recommendations in a separate memorandum opinion and order.

This Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Here, objections to Magistrate Judge VanDervort's PF&R were due by March 9, 2007, pursuant to the Court's Order granting Plaintiff an extension of time to file objections [Docket 23]. Petitioner timely filed his objections on February 21, 2007 [Docket 24].

## I. BACKGROUND

The full factual and procedural history of this action is set forth in the PF&R. Thus, the Court will only recite the facts relevant to the pending motion for default judgment. Plaintiff, who is currently incarcerated at Mount Olive Correctional Complex ("MOCC") in Mount Olive, West Virginia, filed his complaint on June 17, 2004, and the return of service form indicates that service of process was effected on Mr. Lusk on June 22, 2004, by certified mail [Docket 8]. Mr. Lusk then filed his answer with the Court on July 12, 2004, and mailed a copy to Plaintiff, which was timely pursuant to FED. R. CIV. P. 12(a)(1)(A). However, Plaintiff apparently did not receive the answer because the certificate of service indicates it was mailed to the Southern Regional Jail in Beaver, West Virginia, after Plaintiff was transferred to the South Western Regional Jail in Holden, West Virginia, but before he began his current term of incarceration at MOCC. Thereafter, on July 21,

2006, Plaintiff filed a motion for default judgment against Mr. Lusk, arguing that Mr. Lusk had not timely filed an answer and had not abided by the Court's scheduling order. Mr. Lusk responded, and Plaintiff replied.

In the PF&R, Magistrate Judge VanDervort noted that Rule 5(b) of the Federal Rules of Civil Procedure provides that service may be accomplished by "[m]ailing a copy to the last known address of the person served" and that "[s]ervice by mail is complete on mailing." FED. R. CIV. P. 5(b)(2)(B). The magistrate judge found that because Southern Regional Jail was Plaintiff's last known address on the date Mr. Lusk mailed a copy of his answer, and because the date with which the answer was mailed was within the requisite time frame, it was properly served upon Plaintiff and his motion for default judgment must be denied.

## *II. OBJECTIONS TO PF&R*

Plaintiff essentially objects to the recommendation to deny his motion for default judgment on the grounds that the magistrate judge correctly applied the "law" and asserts that this should be a question of fairness because the Court should consider the fact that he did not receive Mr. Lusk's answer in a timely manner. Plaintiff cites no law to support his assertion, and the Court was unable to locate any authority that stood for this proposition. Rather, the record reflects, as Magistrate Judge VanDervort found, Mr. Lusk's answer was served within the twenty days required by FED. R. CIV. P. 12(a)(1)(A), and mailed to Plaintiff's last known address pursuant to FED. R. CIV. P. 5(b)(2)(B). Unfortunately for Plaintiff, he was not present at that location and failed to advise the Clerk of this Court of the change in his address. Thus, Plaintiff's objection on the grounds of fairness is **OVERRULED**.

Plaintiff further argues that the answer should have been returned to Mr. Lusk and the burden should be placed on him to ensure that it was forwarded to Plaintiff.  He also accuses Mr. Lusk of submitting false and misleading evidence to the Court, and wants the Court to take notice that Mr. Lusk has not filed any motions concerning Plaintiff's failure to respond to his answer.  To the extent that these allegations are objections to the magistrate judge's application of Rules of Civil Procedure, they are **OVERRULED** as they are unsupported by the facts or the law, and have nothing to do with the magistrate judge's recommendation.

### *III. Conclusion*

Accordingly, because Plaintiff does not direct the Court to any specific error in the legal or factual conclusions of the magistrate judge's recommendation to deny his motion for default judgment, the Court **OVERRULES** Plaintiff's objections as they relate to this matter.  Therefore, the Court **ADOPTS** the magistrate judge's recommendation, and **DENIES** Plaintiff's Motion for Default Judgment [Docket 17].  As mentioned above, the Court will address that the remaining recommendations in a separate memorandum opinion and order.  The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record, Plaintiff, *pro se*, and Magistrate Judge VanDervort.

ENTER:       March 19, 2007

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE