IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

EDWARD A. JORDAN,

           Plaintiff,

v.                                    CIVIL ACTION NO.  5:04-cv-00606

KYLE G. LUSK,

           Defendant.

## MEMORANDUM OPINION AND ORDER

By Standing Order entered on May 20, 2002, and filed in this case on June 17, 2004, this action was referred to United States Magistrate Judge R. Clarke VanDervort for submission of proposed findings and a recommendation (PF&R).  Magistrate Judge VanDervort filed his PF&R on February 5, 2007 [Docket 21].  In that filing, the magistrate judge recommended that this Court deny Plaintiff's motion for default judgment, dismiss Plaintiff's Complaint [Docket 1] against Defendant Kyle G. Lusk in its entirety pursuant to Fed. R. Civ. P. 12(b)(6), and deny Plaintiff's Motion to Amend his Complaint [Docket 13] in order to add the City of Beckley and Raleigh County as defendants.[1]  In a Memorandum Opinion and Order dated March 19, 2007 [Docket 25], this Court adopted the magistrate judge's recommendation as it pertained to the recommendation to deny Plaintiff's motion for default judgment.  Therefore, currently pending before the Court is

---

[1] In response to the magistrate judge's Time Frame Order entered on September 29, 2004 [Docket 12], Plaintiff filed a document in which he asked the Court to add the City of Beckley and Raleigh County as defendants [Docket 13].  The Court will consider this docket entry a motion to amend the complaint.  Thereafter, the magistrate judge entered an order directing Plaintiff to file a statement of his proposed claims against both parties [Docket 14].  This statement was filed on November 24, 2004 [Docket 15], and will be considered a proposed addendum to the complaint.  This addendum also contains an additional allegation against Lusk.

the recommendation to dismiss Plaintiff's complaint against Lusk, and the recommendation to deny Plaintiff's motion to amend his complaint to add the City of Beckley and Raleigh County. For the reasons stated below, all of Plaintiff's claims against Lusk are dismissed except for Count Six, which alleges a conspiracy to violate Plaintiff's constitutional rights. Additionally, Plaintiff's motion to amend his complaint is granted in part and denied in part.

## I. STANDARD OF REVIEW

This Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Here, objections to Magistrate Judge VanDervort's PF&R were due by March 9, 2007, pursuant to the Court's Order dated February 14, 2007 [Docket 23]. Plaintiff filed his timely objections on February 21, 2007.

The magistrate judge recommended that this Court, *sua sponte*, dismiss Plaintiff's claims against Lusk pursuant to Fed. R. Civ. P. 12(b)(6). *See United Auto Workers v. Gaston Festivals, Inc.*, 43 F.3d 902, 905-06 (4th Cir. 1995) (affirming *sua sponte* dismissal of a § 1983 complaint for failure to state a claim under Rule 12(b)(6)). "The purpose of Rule 12(b)(6) is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006)

(citation and internal quotation marks omitted). As such, a case should not be dismissed under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) (explaining that a "court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations" (internal quotation marks omitted)). The Fourth Circuit has noted that where a "defendant seeks dismissal of a civil rights complaint, [the court] must be especially solicitous of the wrongs alleged and must not dismiss the complaint unless it appears to a certainty that the plaintiff would not be entitled to relief *under any legal theory which might plausibly be suggested by the facts alleged.*" *Presley*, 464 F.3d at 483 (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999) (emphasis in original) (internal quotation marks omitted)).

In addition to this standard, because Plaintiff is proceeding *pro se*, the Court must also consider that the complaint filed in this case is held to a less stringent standard than if it were prepared by a lawyer, and therefore the Court is required to construe it liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, even with the liberal construction of a *pro se* plaintiff's complaint, "Rule 8 of the Federal Rules of Civil Procedure establishes a standard of notice pleading which requires [the court] to construe [Plaintiff's] complaint so as to do 'substantial justice.'" *Givens v. O'Quinn*, 121 F. App'x 984, 987 (4th Cir. 2005) (citations omitted). The Court's "duty to liberally construe a plaintiff's complaint in the face of a motion to dismiss is not the equivalent of a duty to re-write it." *Id.* (citing *Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993); *see Bender v. Suburban Hosp., Inc.*, 159 F.3d 186, 192 (4th Cir. 1998) ("Notice pleading requires generosity in interpreting a plaintiff's complaint. But generosity is not fantasy.")).

In *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002), the Supreme Court discussed the liberal notice pleading requirement of Fed. R. Civ. P. 8. "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions. Rule 9(b), for example, provides for greater particularity in all averments of fraud or mistake. This Court, however, has declined to extend such exceptions to other contexts." *Id.* (footnote omitted). For example, in *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993), the Court stated, "[t]he Federal Rules do address in Rule 9(b) the question of the need for greater particularity in pleading certain actions, but do not include among the enumerated actions any reference to complaints alleging municipal liability under § 1983. *Expressio unius est exclusio alterius*."[2] *See Swierkiewicz*, 534 U.S. at 513.

Specifically regarding a plaintiff's claim of conspiracy to violate his or her constitutional rights under § 1983, prior to *Swierkiewicz* and *Leatherman*, the Fourth Circuit stated that "[t]o avoid evisceration of the purposes of qualified immunity, courts have thus required that plaintiffs alleging unlawful intent in conspiracy claims under § 1985(3) or § 1983 plead specific facts in a nonconclusory fashion to survive a motion to dismiss." *Gooden v. Howard County*, 954 F.2d 960, 969-70 (4th Cir. 1992).[3] Since then, the Fourth Circuit has not explicitly limited this language, and there has been no post-*Swierkiewicz* Fourth Circuit case that has cited *Gooden* for the heightened

---

[2] The Court in *Leatherman* concluded that courts should not apply a "heightened pleading standard" in civil rights cases alleging municipal liability under § 1983.

[3] It is important to note that in support of this assertion, the court cited a Seventh Circuit case, *Easter House v. Felder*, 852 F.2d 901, 919 (7th Cir. 1988), *vacated on other grounds*, 861 F.2d 494 (1988). However, the Seventh Circuit has specifically deviated from this reasoning and has refused to apply any heightened pleading standard to a conspiracy claim. *See Walker v. Thompson*, 288 F.3d 1005, 1007-09 (7th Cir. 2002) (relying on *Swierkiewicz*).

pleading standard in a civil rights conspiracy or that has analyzed its applicability given the language in *Swierkiewicz*. The Seventh Circuit, on the other hand, has specifically addressed this issue, relied on *Swierkiewicz*, and stated that "it is enough in pleading a conspiracy merely to indicate the parties, general purpose, and approximate date, so that the defendant has notice of what he is charged with." *Walker*, 288 F.3d at 1007. *See Bass v. E. I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) ("While a plaintiff is not charged with pleading facts sufficient to prove her case, as an evidentiary matter, in her complaint, a plaintiff is required to allege facts that support a claim for relief."). Thus, as long as Plaintiff has pled sufficient facts to support a valid claim and has put Lusk on notice of what he is charged with, the Court should not dismiss under Rule 12(b)(6). *Id*. This is consistent with Supreme Court case law, and is supported by other provisions of the Rules of Civil Procedure.[4] Accordingly, with this standard in mind, the Court will first address Plaintiff's objections to the recommendation to dismiss his claims against Lusk.

---

[4] In *Swierkiewicz*, the Supreme Court noted that:

> Other provisions of the Federal Rules of Civil Procedure are inextricably linked to Rule 8(a)'s simplified notice pleading standard. Rule 8(e)(1) states that "no technical forms of pleading or motions are required," and Rule 8(f) provides that "all pleadings shall be so construed as to do substantial justice." Given the Federal Rules' simplified standard for pleading, "[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding. Moreover, claims lacking merit may be dealt with through summary judgment under Rule 56. The liberal notice pleading of Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim.

534 U.S. at 513-14 (citations omitted).

## II. DISCUSSION

*A.   Recommendation to Dismiss Lusk*

With respect to his claims against Lusk, Plaintiff objects to the magistrate judge's PF&R and argues that his "complaint is based on the conspiracies the defendant Kyle Lusk participated in during his representation of me, and whom he did it with while representing me of which the evidence will show without any doubt once submitted." (Docket 24 at 9.)  Further, he objects to the magistrate judge's findings that if the Court construes Plaintiff's claims as a legal malpractice claim, then he would fail to satisfy the citizenship requirements for diversity jurisdiction under 28 U.S.C. § 1332.

Briefly addressing Plaintiff's second objection, Plaintiff misunderstands the magistrate judge's analysis.  Lack of diversity of citizenship under § 1332 was not the reason his claims were recommended to be dismissed.  Rather, the PF&R noted that to the extent Plaintiff's allegations could be construed as a claim for legal malpractice, and not a violation of his constitutional rights, this Court would be without jurisdiction.  Given that Plaintiff has indicated that such a claim is not his intention, any objection to that finding is inapplicable and is hereby **OVERRULED**.

According to Plaintiff's complaint, he specifically alleges six causes of action against Lusk: (1) ineffective assistance of counsel; (2) discrimination; (3) fraudulent representation; (4) racial discrimination; (5) violations of his rights to due process of law; and (6) conspiracy to violate his rights to due process and right to counsel under the Sixth Amendment.  With respect to Count One, the magistrate judge found that his ineffective assistance of counsel claim is not cognizable under 42 U.S.C. § 1983 because Lusk, as a court appointed attorney, did not act under color of state law.[5]

---

[5] Plaintiff has made it clear that he wishes to sue Lusk under 42 U.S.C. § 1983, but as Magistrate
(continued...)

Besides Count Six, conspiracy to violate his constitutional rights, the PF&R does not specifically address any of his other claims. However, the analysis for Counts One through Five is the same, and can be categorized as claims against Lusk for violating Plaintiff's constitutional rights under 42 U.S.C. § 1983.

To assert a § 1983 claim, Plaintiff must allege that (1) Lusk was acting under color of state law at the time the acts complained of were committed; and (2) Lusk deprived Plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *See Simmons v. Justice*, 87 F. Supp. 2d 524, 534 (W.D.N.C. 2000) (citing *Conner v. Donnelly*, 42 F.3d 220, 223 (4th Cir. 1994)). Generally speaking, defense attorneys do not act "under color of" state law and are, therefore, not subject to suit under § 1983. *See Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976) (applying this rule to privately retained counsel); *Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980), *cert. denied*, 454 U.S. 1141 (1982) (counsel appointed by the state); *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (counsel employed as public defenders). As such, because Lusk is not a state actor, Plaintiff's first five claims brought under 42 U.S.C. § 1983, ineffective assistance of counsel, discrimination, fraudulent representation, racial discrimination, and violations of his rights to due process of law, are dismissed because it is certain that there is no legal theory upon which Plaintiff could recover. *Edwards*, 178 F.3d at 244. To the extent any argument made in Plaintiff's objections can be construed as an objection to the magistrate judge's dismissal of those claims, it is **OVERRULED**.

---

[5](...continued)
Judge VanDervort observed in footnote five of the PF&R, should Plaintiff wish to collaterally challenge his state sentence and conviction pursuant to 28 U.S.C. § 2254, he should file a form petition entitled "Petition Under 28 U.S.C. § 2254" and demonstrate that he has exhausted all of his state remedies.

The disposition of Count Six is not as clear. Plaintiff's complaint alleges that Lusk conspired with the trial court by telling the court that Plaintiff was schizophrenic in order "to thwart an ineffective assistance of counsel motion" that Plaintiff filed against Lusk. (Docket 1 at 3.) Plaintiff also alleges that Lusk conspired with the state to threaten to give him a competency evaluation by force and by leaving him confined in a cell for twenty-four hours until he complied. (*Id*. at 4.) He further states that Lusk and the state used the "fraudulent findings" of the exam, which he refused to take, against him in both of his criminal cases. (*Id*.) Additionally, Plaintiff claims that Lusk fraudulently schemed to disallow his *pro se* motion for a speedy trial and other motions he filed because Lusk told the court that those motions were "sent in a[n] *ex parte* manner." (*Id*.) In his Response to the Court's Order to State his Claims Against the City of Beckley and the County of Raleigh [Docket 15], which as discussed below will be considered an addendum to the complaint, Plaintiff asserts that Lusk conspired with police officers to deprive him of his civil and constitutional rights. (Docket 15 at 3.) Specifically, Plaintiff argues in his objections that Lusk and a police officer conspired with one another regarding the officer's testimony. (Docket 24 at 6-7.) He also states that by not filing the motions Plaintiff requested, Lusk conspired with the state and with the Raleigh County magistrates to deny him his rights to equal protection. (Docket 15 at 3.)

Based on these allegations, the issue is whether the Court can, *sua sponte*, order that Plaintiff fails to state a claim of conspiracy to violate his constitutional rights under Rule 8 and *Swierkiewicz*. Although Lusk cannot be liable for deprivations of Plaintiff's constitutional rights under § 1983, a private party, including any defense attorney,[6] can be liable under § 1983 for civil conspiracy if a

---

[6] Plaintiff's attorney "still may be sued for civil rights violations if he conspires with a state actor, irrespective of whether the co-conspiratorial state actor is himself immune from suit." *Brown v. City of Phila*., 199 F. App'x 107, 109 (3d Cir. 2006) (citing *Tower v. Glover*, 467 U.S. 914, 916 (1984)
(continued...)

plaintiff can "demonstrate that: (1) a state official and private individual reached an understanding to deprive the plaintiff of his constitutional rights, and (2) the individual was a willful participant in joint activity with the State or its agents." *Hessami v. Corp. of Ranson*, 170 F. Supp. 2d 626, 634 (N.D. W. Va. 2001). Given the allegations against Lusk, the Court cannot say that it is certain that Plaintiff can prove no set of facts which would entitle him to relief. *See Presley*, 464 F.3d at 483. While some of Plaintiff's factual allegations, even if proven, would not entitle him to relief, others may and thus it is not clear "that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Swierkiewicz*, 534 U.S. at 512. Further, Plaintiff has sufficiently pled enough facts to put Lusk on notice of what he is charged with. *Walker*, 288 F.3d at 1007. Accordingly, the Court cannot dismiss his claims pursuant to Rule 12(b)(6). *Simmons*, 87 F. Supp. 2d at 534. Plaintiff should be given a chance to produce evidence of the alleged conspiracy, and have that evidence tested by a Rule 56 motion for summary judgment. In that process, Plaintiff must present evidence that the defendant and a state actor "acted jointly in concert and that some overt act was done in furtherance of the conspiracy which resulted in [the plaintiff's] deprivation of a constitutional right[.]" *Hinkle v. City of Clarksburg*, 81 F.3d 416, 421 (4th Cir. 1996). This is true because in order "to survive a properly supported summary judgment motion, [the plaintiff's] evidence must, at least, reasonably lead to the inference that [the defendant] positively or tacitly came to a mutual understanding to try to accomplish a common and unlawful plan." *Id*.

---

[6](...continued)
(holding that public defenders were not immune from liability for intentional misconduct, under color of state law, by virtue of alleged conspiratorial action with state officials, including trial and appellate judges)).

For these reasons, Plaintiff's objection to the dismissal of Count Six, conspiracy to violate his constitutional rights, is **SUSTAINED**.

B.     *Motion to Amend the Complaint*

Fed. R. Civ. P. 15(a) provides that, once a responsive pleading has been served, a party may amend its pleading only by leave of the court or by written consent of the adverse party; however, the rule also states that "leave shall be freely given when justice so requires."  The Fourth Circuit has interpreted Rule 15(a) to mean that "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile."  *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  The decision to grant leave to amend a pleading is within the sound discretion of the district court, but that discretion is limited by the general policy of favoring the resolution of cases on the merits.  *See Foman*, 371 U.S. at 182.  The Court's decision on whether to amend a pleading should focus "on prejudice or futility or bad faith as the only legitimate concerns in denying leave to amend, since only these truly relate to protection of the judicial system or other litigants."  *Davis v. Piper Aircraft Co.*, 615 F. 2d 606, 613 (4th Cir. 1980).  Moreover, leave to amend may be denied based on futility "when the proposed amendment is clearly insufficient or frivolous on its face."  *Johnson*, 785 F.2d at 510; *see also HCMF Corp. v. Allen*, 238 F.3d 273, 277 (4th Cir. 2001) (denial of Rule 15(a) motion proper where claim that forms the basis of that motion is not a legally cognizable claim and therefore granting leave to file is futile); *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross,* 101 F.3d 1005, 1011-12 (4th Cir. 1996) (proposed amendment was futile because allowing it would have "at most, delayed the inevitable dismissal" of plaintiff's claims).

Plaintiff requests to amend his complaint in order to add the City of Beckley and the County of Raleigh as defendants. In the proposed addendum to the complaint, Plaintiff claims that the City of Beckley was "negligent in the improper training of police officers which led to violations of wrongful arresst (sic), unlawful detainment and illegal incarceration, which thereby violated my rights to due process of law as well as my rights to equal protection of law." (Docket 15 at 1-3.) He also alleges that the city's officers conspired with his attorney to deprive him of his civil and constitutional rights. (*Id.* at 3.) With regard to Raleigh County, Plaintiff asserts that the county "has practiced procedures and rules of it's (sic) own which totaly (sic) disreguards (sic) right to equal protection under the law, and due process of law through it's (sic) magistrate courts." (*Id.*)

Magistrate Judge VanDervort dismissed these defendants on the grounds that Plaintiff's allegations were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

512 U.S. at 486. Further, "[a] claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." *Id*. The magistrate judge found that "because Plaintiff has not demonstrated that his criminal conviction has been invalidated, Plaintiff is unable to state a cognizable claim against either the City of Beckley or the County of Raleigh . . . ." (Docket 21 at 11.)

Initially, the Court notes that Plaintiff does not object to the recommendation as it relates to Raleigh County. There being no objection, the Court **ADOPTS** the magistrate judge's

recommendation to deny Plaintiff's motion to amend the complaint to add the county, and hereby **DENIES** the motion to add Raleigh County as a defendant. Plaintiff does, however, object to the recommendation that his motion to add the City of Beckley be denied. In his objections, he asserts that officers employed by the city were acting under color of state law when one of them conspired with Lusk concerning the officer's testimony at Plaintiff's trial. (Docket 24 at 6.) He requests Beckley be added to show that the officer did not act in a way consistent with the law concerning pre-trial matters, and that he conspired with Plaintiff's attorney. Based on the allegations, it is clear that Plaintiff is making two claims against the city: negligent training/supervision resulting in a deprivation of his rights and conspiracy by its officers to violate his constitutional rights. As the PF&R noted, Plaintiff cannot succeed on his claim for negligent training/supervision under *Heck*. As a result, any objection to this finding is **OVERRULED**.

Likewise, Plaintiff cannot state a claim against the city for the actions of its officers in the alleged conspiracy because "no municipality can 'be held liable under § 1983 on a *respondeat superior* theory.'" *Carter v. Morris*, 164 F.3d 215, 218 (4th Cir. 1999) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)).

> To hold a municipality (a local government entity) liable for a constitutional violation under § 1983, the plaintiff must show that the execution of a policy or custom of the municipality caused the violation. Municipal liability may be imposed for a single decision by municipal policymakers under appropriate circumstances. To hold a municipality liable for a single decision (or violation), the decisionmaker must possess final authority to establish municipal policy with respect to the action ordered.

*Love-Lane v. Martin*, 355 F.3d 766, 782 (4th Cir. 2004). In other words for a single violation, the municipality must be "aware of the constitutional violation and either participated in, or otherwise condoned, it." *Id*. at 782-83. Plaintiff does not indicate that he is claiming that the City of Beckley

deprived him of his rights "through an official policy or custom[,]" *Carter*, 164 F.3d at 218, or that it "was aware of the constitutional violation and either participated in, or otherwise condoned, it." *Love-Lane*, 355 F.3d at 782-83. Because Plaintiff has not alleged an appropriate cause of action against the City of Beckley, the proposed claims against it would be futile. Accordingly, the Court **OVERRULES** Plaintiff's objection, and **DENIES** Plaintiff's motion to amend his complaint to add Beckley as a defendant in this case.

However, pursuant to Rule 15(a), the Court **GRANTS** Plaintiff's motion to amend the complaint in order to add the additional conspiracy allegation against Lusk. This allegation, which is not contained in the original complaint, states that Lusk conspired with police officers to deprive him of his constitutional rights.[7] (*See* Docket 15 at 3.)

### III. CONCLUSION

For the reasons discussed above, the Court **DISMISSES** Counts One, Two, Three, Four, and Five from Plaintiff's complaint against Defendant Kyle G. Lusk, and **DENIES in part and GRANTS in part** Plaintiff's Motion to Amend the Complaint [Docket 13]. Pursuant to the Court's ruling, it is **ORDERED** that the parties adhere to the Scheduling Order entered contemporaneously with this Memorandum Opinion and Order.

---

[7] *Gordon v. Leeke*, 574 F.2d 1147, 1152-53 (4th Cir. 1978) (a *pro se* litigant is entitled to the opportunity to amend his pleadings if he has alleged a potentially meritorious cause of action).

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented party.

ENTER: May 31, 2007

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE